ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Sierra Club and Gulf Coast Restoration Network, | ) ) ) | |
| Petitioners, | ) ) | Case. No. 14-1190 |
| v. | ) ) ) | |
| Federal Energy Regulatory Commission, | ) ) ) | |
| Respondent. | ) | |

## MOTION OF AMERICAN PETROLEUM INSTITUTE FOR LEAVE TO INTERVENE

Pursuant to Rule 15(d) of the Federal Rules of Appellate Procedure, D.C. Cir. R. 15(b) and 28 U.S.C. § 2348, the American Petroleum Institute (API) requests leave to intervene in the above-captioned proceeding. Counsel for the Federal Energy Regulatory Commission (FERC) and intervenors Cameron LNG, LLC and Cameron Interstate Pipeline, LLC (together, Cameron) indicate that they support this motion. A call to counsel for Petitioner was unreturned as of the time of this filing.

For nearly 100 years, API has served as the preeminent national trade association for the oil and natural gas industry in the United States charged with, *inter alia*, representing the economic and legal rights of its members in legal proceedings. API is the largest trade association for the industry, with more than 600 members, including owners and operators of liquefied natural gas (LNG)

import and export facilities in the United States and around the world, as well as owners and operators of LNG vessels, and manufacturers of essential technology and equipment used all along the natural gas value chain. API publishes and regularly revises more than 600 industry standards, and many members have extensive experience developing and producing America's natural gas resources in a safe and environmentally responsible manner.

API has a strong interest that cannot be represented by the other parties in this proceeding and thus meets the standard for intervention, as explained below.

## BACKGROUND

On September 29, 2014, the Sierra Club and Gulf Coast Restoration Network filed a Petition for Review of three FERC orders which together authorize Cameron to add LNG export capability to Cameron's existing LNG import terminal and to expand its associated interstate pipeline to deliver supplies to the terminal. 1/ Two of FERC's three orders also denied Petitioners' requests for rehearing as untimely and statutorily time-barred. 2/

---

1/     *Cameron LNG, LLC*, 147 FERC ¶ 61,230, 2014 WL 274408 (June 19, 2014); *Cameron LNG, LLC*, 148 FERC ¶ 61,073, 2014 WL 3738150 (July 29 2014); *Cameron LNG, LLC,* 148 FERC ¶ 61,237, 2014 WL 481093 (Sept. 26, 2014).

2/     15 U.S.C. § 717r(a).  *See also* 18 C.F.R. § 385.713(b) ("A request for rehearing by a party must be filed not later than 30 days after issuance of any final decision or other final order in a proceeding.").

In their requests for rehearing, Petitioners claimed that the Commission failed to conduct the requisite "hard look" at indirect and cumulative environmental impacts pursuant to the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. §§ 4321 *et seq*. (2006), by failing to study the effect of upstream "induced production" of natural gas associated with the project, and alleged several other errors. The Commission addressed Petitioner's claims regarding "induced production" in its April 30, 2014 Environmental Impact Statement (EIS) for the project; in its June 19, 2014 order; and again in its September 26, 2014 order. In each, the Commission noted that the U.S. Department of Energy (DOE), not the Commission, is the agency responsible for reviewing alleged impacts associated with exports of *the LNG commodity*, and that the Commission additionally views these impacts as not "reasonably foreseeable" as that standard is understood under NEPA and applicable NEPA regulations and case law.

The September 26, 2014 order also addressed Petitioners' other claims of error on substantive grounds, in addition to finding Petitioners' rehearing request untimely. Regarding Petitioners' claims that "(2) the Commission should have considered changes in electricity generation. . . [] as indirect and cumulative effects of the project; (3) the Commission improperly limited the scope of alternatives . . .[] and (4) the Commission failed fully to consider wetlands," the

3

Commission "note[d] that each of these contentions has been raised previously and . . .[] was fully addressed in the June 19 Order. Thus, even if Sierra Club's request for rehearing had been timely filed, it presents no basis upon which to grant rehearing." 148 FERC at P 30, 2014 WL 481093, at *7.

## ARGUMENT

API seeks intervention to oppose Petitioners' attempts to expand the scope of NEPA to include agency consideration of unreliable, unverifiable information derived from analytics that assume what they seek to prove – that some of API's members' long-standing natural gas production activities are somehow connected in any measurable way to Cameron's project (one of literally thousands of sources of future natural gas demand on the fully integrated and interconnected North American natural gas grid). API strongly supports safe and environmentally responsible development; but the Petitioners' arguments in this proceeding are not supported in law.

### I.  Legal Standard

Under Fed. R. App. P. 15(d), a motion to intervene should make "a concise statement of the interest of the moving party and the grounds for intervention." This Court has noted that "in the intervention area the interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385

F.2d 694, 700 (D.C. Cir. 1967) (reversing denial of intervention under Fed. R. Civ. P. 24(a)).

This court has previously allowed intervention of coalitions and trade associations in petitions for review challenging federal orders. *See, e.g*, *Yakima Valley Cablevision Inc. v. FCC*, 794 F.2d 737 (D.C. Cir. 1986) (granting intervention of National Cable Television Association as intervenor in support of petitioner); *Am. Farm Bureau Fed'n v. EPA*, 559 F.3d 512 (D.C. Cir. 2009) (listing American Lung Association and Environmental Defense Fund as intervenors on the side of respondent); *Am. Trucking Ass'ns v. EPA*, 175 F.3d 1027 (D.C. Cir. 1999) (listing American Lung Association as intervenor on the side of respondent). Comparable circumstances warrant a grant of intervention to API. API understands that, pursuant to D.C. Cir. R. 15(b), intervention in the instant appeal is deemed intervention in all cases before this Court involving the same action.

**II.    API Member Interests Will be Directly Impacted.**

Petitioner Sierra Club is engaged in a nationwide, tri-partite campaign against all fossil fuels, which it has branded "Beyond Natural Gas," "Beyond Coal" and "Beyond Oil." 3/ As these names suggest, Petitioner is not ultimately concerned with Respondents' adequacy of review under NEPA. Rather, Petitioner seeks to slow (if not permanently delay or end) the development of all forms of

5

infrastructure that transport or utilize fossil fuels, despite centuries of safe and reliable use of these fuels and their continued need to serve the public interest. API members comprise the very oil and natural gas industry that the Petitioners seek to eliminate. Therefore, API should be permitted to intervene to protect its members' interests where, as here, the other elements of the test for intervention are met. 4/

### 1. API's Interests Cannot be Adequately Represented by other Parties.

API's right to intervene as a party depends on whether its interest is adequately represented by existing parties. It is not. Both FERC and Cameron can be expected to focus their arguments on the Cameron project itself. The Commission has already said, for example, that "[it]s review is limited to the economic and environmental impacts of the proposal before us[,]"and that it considers proposed projects "based on the facts and circumstances specific to the proposal." 147 FERC at PP 30, 71, 2014 WL 2794408, at *7, *18. Yet Petitioners – consistent with the goals of their nationwide campaign against fossil fuels – argue more broadly:

---

3/   *See* Sierra Club website *at* http://www.sierraclub.org/beyond-fossil-fuels (last reviewed Oct. 29, 2014).

4/   *See e.g.*, *Conservation Law Foundation v. Mosbacher*, 966 F.2d 39, 41 (1st Cir. 1992) (members of the regulated industry that are directly affected by agency action have a significant, protectable interest that supports intervention).

6

> The Cameron projects are important both individually and as an indicator of how the Commission will proceed with the many other liquefied natural gas project[s] currently awaiting Commission review. As such, there is a strong public interest in careful review of these issues. 5/

Petitioners are on record as contending that this challenge is a bellweather for the industry. And Petitioner Sierra Club has protested nearly all LNG export project dockets pending before FERC and DOE. 6/ Thus the interest API is seeking to protect is the integrity of NEPA review not only before the Commission, but more broadly for many different types of energy projects not regulated by Respondent. Because these interests necessarily will not always coincide with those of Respondent and Cameron, intervention is appropriate here under Fed. R. App. Proc. 15(d). *See Nuesse,* 385 F.2d at 703.

### 2. API's Participation in the Related DOE Process Warrants Intervention Here.

As FERC recognized in its Orders, the DOE and FERC processes are inextricably related, with both agencies proceeding under the same section of the

---

5/   *See* Sierra Club Request for Rehearing, FERC Docket No. CP13-25, *at* p. 7 (filed Aug. 7, 2014), *available at* http://www.ferc.gov/docs-filing/elibrary.asp (last reviewed Oct. 29, 2014).

6/   *See, e.g.*, FERC Docket Nos. CP09-6 (Oregon LNG), CP12-29 and CP12-509 (Freeport LNG), CP12-507 (Corpus Christi LNG), CP13-113 (Dominion Cove Point LNG), CP13-483 (Jordan Cove Energy Project), CP13-552 and CP13-553 (Sabine Pass Liquefaction), CP14-71 and CP14-72 (Excelerate Liquefaction), CP14-120 (Trunkline LNG), CP14-347 (Magnolia LNG), CP14-517 and CP14-518 (Golden Pass LNG), and PF13-11 (CE FLNG).

7

same statute – Section 3 of the Natural Gas Act. 15 U.S.C. § 717b (and as set forth in a series of DOE delegation orders and statutes dating back to the 1970's). The Sierra Club has pressed nearly identical arguments regarding "induced production" at both agencies. 7/

In recognition of its mandate to protect its members' interests, API has participated extensively in the process before DOE. 8/ API did not intervene at the Commission for the very reasons cited in the Commission's own orders – DOE, not the Commission, is the agency undertaking NEPA review related to the LNG commodity (as opposed to the site or facilities to export LNG). But the Sierra Club has conflated the two agency processes, even submitting API's DOE comments (and Sierra Club's DOE responses) to FERC. 9/ And the Sierra Club has now sought rehearing of DOE's order making a modest variation of the same "induced production" argument it advanced at the Commission.

---

7/     Sierra Club Request for Rehearing, DOE Docket No. 11-162-LNG, p. 5 *at* http://www.fossil.energy.gov/programs/gasregulation/authorizations/2011_applications/Cameron_11-162-LNG_NFTA.html (filed Oct. 10, 2014) ("DOE/FE Violated NEPA By Authorizing Exports Without Taking A Hard Look at Effects of Induced Gas Production").

8/     *See*, DOE Order No. 3391-A, pp. 59-65, DOE Docket No. 11-162-LNG, *at* http://www.fossil.energy.gov/programs/gasregulation/authorizations/2011_applications/Cameron_11-162-LNG_NFTA.html (summarizing API Comments).

9/     *See, e.g.*, Sierra Club Comments on FERC Draft EIS, FERC Docket No. CP13-25, at PDF pp. 870-872 and 902-904, FERC Accession No. 20140303-5142, *available at* http://www.ferc.gov/docs-filing/elibrary.asp (last reviewed Oct. 29, 2014).

In the interest of preserving administrative efficiency and aligning what may well be two separate appeals arising from the same facts before this Court, API should be permitted to intervene in this proceeding. *See Yakima Valley Cablevision Inc. v. FCC*, 794 F.2d 737 (D.C. Cir. 1986) (granting intervention of National Cable Television Association and other intervenors on grounds that it would be "wholly inappropriate" to preclude the panel from hearing issues in a related appeal).

### 3. No Prejudice Will Result From Intervention.

Finally, there is no risk that intervention in this case will delay or prejudice the rights of Petitioners or Respondent or delay these proceedings. Under Fed. R. App. P. 15(d), a notice of intervention is due within 30 days of the filing of a Notice of Appeal or Petition for Review. API has satisfied that deadline. A scheduling order has yet to issue, so there is no prejudice to the schedule in this case.

### CONCLUSION

API is committed to ensuring a strong, viable U.S. oil and natural gas industry capable of meeting the Nation's energy needs – and other nations' energy needs – in an environmentally responsible manner, on a reasonable timeframe, informed by a robust review process before the relevant federal agencies. For the foregoing reasons, API has a substantial interest in participating in this proceeding

9

that cannot be adequately represented by any party. API's Motion for Leave to Intervene should be granted.

                                              Respectfully submitted,

                                             /s/ Catherine E. Stetson

| | |
|---|---|
| STACY LINDEN | CATHERINE E. STETSON |
| BEN NORRIS | JANNA R. CHESNO |
| AMERICAN PETROLEUM INSTITUTE | HOGAN LOVELLS US LLP |
| 1220 L Street, N.W. | 555 Thirteenth Street, NW |
| Washington, D.C. 20005 | Washington, D.C. 20004 |
| (202) 682-8000 | (202) 637-5600 |
| LindenS@api.org | Cate.Stetson@hoganlovells.com |
| NorrisB@api.org | Janna.Chesno@hoganlovells.com |
| | |
| October 29, 2014 | *Counsel for American Petroleum Institute* |

# CORPORATE DISCLSOURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 26.1 of the Rules of this Court, undersigned counsel for intervenor provides the following corporate disclosure statement:

The American Petroleum Institute is a not-for-profit trade association based in Washington, D.C. that is charged with promoting the interests of its over 600 members in the United States. API is not a publicly-held corporation and does not have any parent companies that have ten percent (10%) or greater ownership interest in API.

Respectfully submitted,

/s/ Catherine E. Stetson

| | |
|---|---|
| STACY LINDEN | CATHERINE E. STETSON |
| BEN NORRIS | JANNA R. CHESNO |
| AMERICAN PETROLEUM INSTITUTE | HOGAN LOVELLS US LLP |
| 1220 L Street, N.W. | 555 Thirteenth Street, NW |
| Washington, D.C. 20005 | Washington, D.C. 20004 |
| (202) 682-8000 | (202) 637-5600 |
| LindenS@api.org | Cate.Stetson@hoganlovells.com |
| NorrisB@api.org | Janna.Chesno@hoganlovells.com |

October 29, 2014                                *Counsel for American Petroleum Institute*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

Sierra Club and Gulf Coast Restoration )
Network, )
        Petitioners, )   Case. No. 14-1190
)
v. )
)
Federal Energy Regulatory Commission, )
)
        Respondent. )

## **PROPOSED INTERVENORS CERTIFICATE AS TO PARTIES**

The American Petroleum Institute (API) hereby certifies that the Petitioners are Sierra Club and the Gulf Coast Restoration Network and that the Respondent is the Federal Energy Regulatory Commission. Cameron LNG, LLC and Cameron Interstate Pipeline, LLC have filed separate motions for leave to appear in this matter, which motions API does not oppose. API seeks leave to appear in this matter as an intervenor.

                                                  Respectfully submitted,

                                               /s/ Catherine E. Stetson

| | |
|---|---|
| STACY LINDEN | CATHERINE E. STETSON |
| BEN NORRIS | JANNA R. CHESNO |
| AMERICAN PETROLEUM INSTITUTE | HOGAN LOVELLS US LLP |
| 1220 L Street, N.W. | 555 Thirteenth Street, NW |
| Washington, D.C. 20005 | Washington, D.C. 20004 |
| (202) 682-8000 | (202) 637-5600 |
| | Cate.Stetson@hoganlovells.com |
| | |
| October 29, 2014 | *Counsel for American Petroleum Institute* |

# **CERTIFICATE OF SERVICE**

Pursuant to Rule 25(d) of the Federal Rules of Appellate Procedure, D. C. Cir. R. 25(c), and the Administrative Order Regarding Electronic Case Filing, I hereby certify that I have on this 29th day of October 2014 served the foregoing document on parties v<u>ia email through the Court's CM/ECF system, unless otherwise indicated</u>:

Nathan Matthews
Sierra Club
85 Second Street
Second Floor
San Francisco, CA 94105-3441
nathan.matthews@sierraclub.org

Mark R. Haskell (by U.S. Mail)
Brett A. Snyder
Allyson Newton Ho
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
mhaskell@morganlewis.com
bsnyder@morganlewis.com
aho@morganlewis.com

Lawrence G. Acker
Patrick O. Daughtery
Van Ness Feldman, LLP
1050 Thomas Jefferson St., NW
Washington D.C. 20007-3877
lga@vnf.com
pod@vnf.com

Robert H. Solomon
Beth G. Pacella
Federal Energy Regulatory Commission
888 First Street NE
Washington, DC 20426
robert.solomon@ferc.gov
beth.pacella@ferc.gov

/s/ Janna R. Chesno
JANNA R. CHESNO