<u>**ORAL ARGUMENT NOT YET SCHEDULED**</u>

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| SIERRA CLUB and GULF RESTORATION NETWORK, ) ) ) ) Petitioners, ) ) v. ) ) FEDERAL ENERGY ) REGULATORY COMMISSION, ) ) Respondent. ) ) ) | No. 14-1190 |

**NON-BINDING STATEMENT OF ISSUES FOR PETITIONERS
SIERRA CLUB AND GULF RESTORATION NETWORK**

Pursuant to the September 30, 2014 Order of the Court, Petitioners Sierra Club and Gulf Restoration Network hereby submit their non-binding Statement of Issues to be raised in the above captioned proceeding. The Statement of Issues is as follows:

1. Whether respondent Federal Energy Regulatory Commission ("FERC") violated the National Environmental Policy Act or acted arbitrarily by authorizing the Cameron LNG and Cameron Interstate Pipeline projects under Natural Gas Act sections 3 and 7 without complying with the requirements of the National Environmental Policy Act.

2. Whether respondent Federal Energy Regulatory Commission ("FERC") violated the National Environmental Policy Act, 42 U.S.C. § 4332(C), or acted arbitrarily by excluding the effects of additional gas production from the indirect and cumulative effects analyses for the Cameron LNG and Cameron Interstate Pipeline projects.

3. Whether FERC violated the National Environmental Policy Act or acted arbitrarily by failing to take a hard look at the impacts of air pollution resulting from increased coal consumption induced by the Cameron LNG and Cameron Interstate Pipeline projects.

4. Whether FERC violated the National Environmental Policy Act or acted arbitrarily because the analysis of the environmental

impacts of production of the electricity that would be consumed by the various design alternatives is deficient and internally inconsistent.

5. Whether FERC violated the National Environmental Policy Act or acted arbitrarily by failing to take a hard look at alternative designs that would incorporate additional waste heat recovery.

6. Whether FERC violated the National Environmental Policy Act or acted arbitrarily by failing to take a hard look at a design alternative that would have captured and sequestered carbon dioxide emissions from the pipeline gas pretreatment process.

7. Whether FERC violated the National Environmental Policy Act or acted arbitrarily by understating, in the draft Environmental Impact Statement, the acreage of "jurisdictional" wetlands that would be impacted by the project, and by failing to provide for further public comment once this error was recognized.

8. Whether FERC violated the National Environmental Policy Act or acted arbitrarily by determining that the project would not significantly impact wetlands because all impacts would be fully mitigated by creation of new wetlands, despite the fact that the

wetlands to be created will be of a different type than the wetlands that will be impacted.

9. Whether FERC acted unlawfully or arbitrarily in issuing an order granting the relief sought by Cameron LNG and Cameron Interstate Pipeline's July 23, 2014 motion to strike—*i.e.*, dismissal of Petitioners' July 21, 2014 request for rehearing as untimely—without affording Petitioners the opportunity to answer this motion provided by FERC's procedural rules, including 18 C.F.R. § 385.213.

10. Whether FERC acted unlawfully or arbitrarily in determining that, where all pertinent FERC rules and regulations specify time in minutes but not in seconds, FERC could not round time to the nearest minute in determining whether Petitioners' July 21, 2014 request for rehearing was timely.

11. Whether FERC erred as a matter of law in determining that, where the Natural Gas Act provides that requests for rehearing of an order must be filed "within thirty days" of that order, 15 U.S.C. § 717r(a), where FERC received Petitioners' request for rehearing at 5:00:25 p.m. on the last day of the rehearing period,

and where FERC regulations provide that filings received after regular business hours will be treated as filed the next day, 18 C.F.R. § 385.2001(a)(2), FERC lacked the authority to entertain the rehearing request.

12. Whether FERC acted arbitrarily or unlawfully in determining that, if Petitioners' rehearing request was filed twenty-five seconds after the close of business but that FERC had the authority to accept the request despite this, it would nonetheless be inappropriate to do so, despite the fact that the rehearing request asserted important questions bearing on the public interest and the fact that no party to the FERC proceeding asserted, or provided any evidence of, harm or prejudice resulting from this twenty-five second delay.

Respectfully submitted on October 30, 2014.

By: _____

Nathan Matthews (Cal. Bar No. 264248)
Sierra Club Environmental Law Program
85 Second St., 2d Fl.
San Francisco, CA 94105
Telephone: (415) 977-5695

5

Fax: (415) 977-5793
nathan.matthews@sierraclub.org

Attorney for Petitioners Sierra Club and Gulf Restoration Network

# CERTIFICATE OF SERVICE

I, Natalie Spiegel, hereby certify under the penalty of perjury that on October 30, 2014, I filed the original of 1) the agency docketing statement, 2) the certificate as to parties, rulings, and contested cases, 3) the non-binding statement of issues for petitioners Sierra Club and Gulf Restoration Network, 4) the decisions appealed, 5) the statement of intent to utilize deferred joint appendix, and 6) petitioners' motion to govern further proceedings via the Court's CM/ECF system, thereby causing an electronic copy to be served on all parties registered to receive notices in this case via electronic noticing. I further certify that I mailed a copy of the foregoing via U.S. Mail, first-class postage prepaid, to the following:

Mark Richard Haskell
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541

October 30, 2014.    _____
                     Natalie Spiegel