**ORAL ARGUMENT NOT YET SCHEDULED**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| SIERRA CLUB and GULF RESTORATION NETWORK, ) ) ) ) Petitioners, ) ) v. ) ) FEDERAL ENERGY ) REGULATORY COMMISSION, ) ) Respondent. ) ) ) | No. 14-1190 |

## PETITIONERS' MOTION TO GOVERN FURTHER PROCEEDINGS

Petitioners Sierra Club and Gulf Restoration Network hereby move this Court to enter an order reflecting the briefing schedule set forth below.

Petitioners' Opening Brief: January 16, 2015

FERC's Brief: March 24, 2015

Intevenors' Briefs: April 14, 2015

Petitioners' Reply Brief: May 14, 2015

Joint Appendix: May 21, 2015

Final Briefs: May 28, 2015

Counsel for Respondent Federal Energy Regulatory Commission ("FERC") states FERC does not consent to this motion. Counsel for movant-intervenors Cameron Interstate Pipeline and Cameron LNG state that these entities consent to this schedule. Counsel for movant-intervenor American Petroleum Institute[1] states that American Petroleum Institute takes no position on this proposal. In support of this proposed format and schedule, Petitioners submit the following:

The petition in this case seeks review of three FERC orders. In the first of these, FERC authorized the construction, siting, and operation of facilities related to the Cameron LNG liquefied natural gas export project, 147 FERC ¶ 61,230 (June 19, 2014). Petitioners contend that FERC's June 19 Order was unlawful because FERC approved the

---

[1] Petitioners plan to file an opposition to the motion to intervene of American Petroleum Institute.

projects without performing the analysis required by the National Environmental Policy Act.

The second and third orders for which Petitioners seek review are FERC's responses to Petitioners' requests for rehearing. In the first order on rehearing, FERC concluded that Petitioners' July 21, 2014 rehearing request was filed twenty-five seconds too late and FERC dismissed this request as untimely. 148 FERC ¶ 61,073. In the second, FERC reaffirmed its position that Petitioners' July rehearing request had been untimely, and went on to conclude that "each of the[] contentions" included in the July rehearing request had been raised previously and been addressed by FERC in its June 19 Order, so that rehearing was not warranted. That order then further discussed the merits of each of Petitioners' arguments. Petitioners contend that FERC's timeliness determination made in these latter two orders is unlawful because, broadly stated: Petitioners' July rehearing request was timely; and in the alternative, that even if this request was filed twenty five seconds after the regulatory deadline, in light of the complete absence of any prejudice arising from this twenty five second delay, the public interest in resolving issues on the merits, and the

3

importance of the arguments raised by Petitioners, FERC had the authority and obligation to excuse this *de minimis* delay.

Petitioners have filed a single petition seeking review of all three FERC orders, pursuant to the judicial review provision of the Natural Gas Act, 15 U.S.C. § 717r(b). This petition can and should be expeditiously resolved in a single round of briefing and argument, addressing all of the issues presented for review, according to the schedule set forth above.  A single round of briefing, addressing all the issues in this case, will avoid undue delay in resolving the parties' claims. Construction of the Cameron project is underway, and the NEPA review that Petitioners seek will become less meaningful as the project proceeds towards completion. *See also* 15 U.S.C. § 717r(d)(5) (requiring expedited review of some cases under Natural Gas Act).[2]

The above-described schedule will also serve judicial economy. The issues presented for review are intertwined; the lawfulness of FERC's

---

[2] 15 U.S.C. § 717r(d)(5) instructs the Court to expedite review of "any action brought under this subsection." Petitioners' action is brought under § 717r(b), rather than § 717r(d). Nonetheless, this provision, together with the provision for direct review in Circuit Courts under § 717r(b), indicates a general Congressional desire to have Natural Gas Act cases resolved without delay.

4

refusal to excuse a *de minimis* delay (if such a delay occurred) rests in part on a balancing of the harms caused by this delay against the public interest in resolving issues on the merits. The public and policy interest of reaching the merits is particularly important here, where FERC is confronting fundamental issues regarding the scope of federal review of projects that would significantly change the nation's energy landscape, and where resolution of these issues could affect over a dozen pending FERC dockets (identified in Petitioners' docketing statement).

Petitioners proposed schedule reflects FERC's request for 60 days to prepare its response brief, to which Petitioners do not object. This schedule also reflects communication between Petitioners and counsel for FERC indicating that it would be a burden on FERC's counsel for FERC's brief to be due the week of March 16, 2015, and communication between Petitioners and counsel for Cameron LNG and Cameron Interstate Pipeline regarding time necessary for movant-intervenors and dates convenient for them. Petitioners request that they be allotted 30 days to reply to response briefs from FERC and any intervenors.

Respectfully submitted on October 30, 2014.

By: _____

      Nathan Matthews (Cal. Bar No. 264248)
      Sierra Club Environmental Law Program
      85 Second St., 2d Fl.
      San Francisco, CA 94105
      Telephone: (415) 977-5695
      Fax: (415) 977-5793
      nathan.matthews@sierraclub.org

      Attorney for Petitioners Sierra Club and
      Gulf Restoration Network

# CERTIFICATE OF SERVICE

I, Natalie Spiegel, hereby certify under the penalty of perjury that on October 30, 2014, I filed the original of 1) the agency docketing statement, 2) the certificate as to parties, rulings, and contested cases, 3) the non-binding statement of issues for petitioners Sierra Club and Gulf Restoration Network, 4) the decisions appealed, 5) the statement of intent to utilize deferred joint appendix, and 6) petitioners' motion to govern further proceedings via the Court's CM/ECF system, thereby causing an electronic copy to be served on all parties registered to receive notices in this case via electronic noticing. I further certify that I mailed a copy of the foregoing via U.S. Mail, first-class postage prepaid, to the following:

Mark Richard Haskell
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541

October 30, 2014.

_____
Natalie Spiegel

3