<u>**ORAL ARGUMENT NOT YET SCHEDULED**</u>

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

|  |  |  |
|---|---|---|
| | ) | |
| SIERRA CLUB and GULF RESTORATION NETWORK, | ) ) ) | |
| | ) | |
| Petitioners, | ) ) | |
| v. | ) ) | No. 14-1190 |
| | ) | |
| FEDERAL ENERGY REGULATORY COMMISSION, | ) ) ) | |
| | ) | |
| Respondent. | ) ) ) | |

**PETITIONERS' OPPOSITION TO AMERICAN PETROLEUM
INSTITUTE'S MOTION TO INTERVENE**

This petition challenges the Federal Energy Regulatory

Commission's decision to authorize modification of the Cameron,

Louisiana, liquefied natural gas (LNG) terminal and a connected

pipeline segment to enable liquefaction and export of natural gas.

American Petroleum Institute (API), a "national trade association for

the oil and natural gas industry in the United States," has moved to

intervene, pursuant to Federal Rule of Appellate Procedure 15(d) and 28 U.S.C. § 2348. Motion of American Petroleum Institute for Leave to Intervene (API Mot.) at 1. Because API has described no interest sufficient to support intervention, much less an injury sufficient to establish its standing, that motion should be denied. *See New England Power Generators Ass'n v. FERC,* 707 F.3d 364, 369-70 (D.C. Cir. 2013) (holding that trade association is not injured by FERC decision, where association failed to assert an "injury legitimately traceable to the order").

A motion to intervene under Rule 15(d) "must contain a concise statement of the interest of the moving party and the grounds for intervention." Similarly, 28 U.S.C. § 2348, in pertinent part, authorizes intervention only by entities "whose interests are affected by the order of the agency." This Court further requires intervenors under Section 2348 to demonstrate Article III standing. *Deutsche Bank Nat. Trust Co. v. FDIC,* 717 F.3d 189, 193 (D.C. Cir. 2013) (collecting cases).

API has not indicated any interest of its members that will be affected by the FERC orders at issue in this case. As its "interests," API states only that "Petitioner Sierra Club is engaged in a nationwide,

2

tripartite campaign against all fossil fuels," and that "API members comprise the very oil and gas natural gas industry that the Petitioners seek to eliminate." API Mot. 5-6. That hyperbole to one side – this case does not threaten relief that will "eliminate" the oil and natural gas industry. This case seeks vacatur and remand of FERC's decision to authorize a specific natural gas export project; API offers nothing at all to suggest how any of its members will be affected by that relief. *See Conservation Law Foundation v. Mosbacher*, 966 F.2d 39, 42 (1st Cir. 1992) (noting that where proposed intervenor "would not be bound by any judgment and would have a subsequent opportunity to litigate their obligations," intervention properly denied). *Cf.* API Mot. at 6 n.4 (citing *Conservation Law Foundation,* 966 F.3d at 41). API's assertion of a general policy disagreement with the Sierra Club regarding the role of fossil fuels, API Mot. at 5-6, and of an interest in "the integrity of NEPA review . . . broadly[,] for many different types of energy projects not regulated by Respondent," *id.* at 7, do not provide an interest in this proceeding. *See, e.g., Sierra Club v. E.P.A.*, 358 F.3d 516, 518 (7th Cir. 2004) (a general interest in "more business and less environmental regulation" is not an "an interest relating to the property or transaction

3

which is the subject of the action," and therefore not a basis for

intervention); *New England Power Generators Ass'n,* 707 F.3d at 370

("[A] regulatory decision's precedential effect does not confer standing").

Indeed, API's Motion *contradicts* the suggestion that its members'

interests will be affected by the FERC orders under review in this

proceeding; it contends that there is no reliable information indicating

that "API's members' long-standing natural gas production activities

are somehow connected in any measurable way to Cameron's project."

API Mot. at 4.

Finally, API argues that it should be permitted to intervene here

because it is a party in the separate administrative proceeding before

the Department of Energy. API Mot. at 8-9. Although API alludes to the

possibility that the Department of Energy proceeding will also be

appealed to this court, API has not shown how its potential

participation in a potential second case raising potentially related

issues demonstrates an interest in *this* case that supports intervention

under 28 U.S.C. § 2348 or that meets Article III's standing requirement.

Tellingly, API has not shown that API will be a party to any

hypothetical litigation surrounding the Department of Energy action.

4

To appear in such an appeal, whether as a petitioner or intervenor, API would face the same burden of establishing standing that API faces here. *Deutsche Bank Nat. Trust Co.*, 717 F.3d at 193. Yet just as API has not offered any basis for concluding that its members will be affected by the FERC orders under review here, API has not offered any argument as to how its members will be affected by the related Department of Energy orders.

*Yakima Valley Cablevision Inc. v. FCC*, 794 F.2d 737 (D.C. Cir. 1986), on which API relies, does not supports API's intervention. In *Yakima Valley Cablevision*, the Court observed that two pending suits challenged the same agency action, and that the second provided the better vehicle for resolving these challenges. The Court therefore declined to hear petitioners' pertinent claims in the first suit but allowed those petitioners to intervene and present those claims in the second. *Id.* at 740; *see also Am. Civil Liberties Union v. FCC*, 823 F.2d 1554, 1573 (D.C. Cir. 1987). Because both cases concerned the same agency action, and because petitioners, by bringing the first case, had already established an interest sufficient to challenge that action, nothing in *Yakima Valley Cablevision* waived or relaxed the

requirement that a party seeking to intervene in a challenge to agency

action must demonstrate an interest affected by that particular action.

For these reasons, API's motion to intervene should be denied.


By:    /s/ Nathan Matthews

Nathan Matthews (Cal. Bar No. 264248)
Sierra Club Environmental Law Program
85 Second St., 2d Fl.
San Francisco, CA 94105
Telephone: (415) 977-5695
Fax: (415) 977-5793
nathan.matthews@sierraclub.org


Attorney for Petitioners Sierra Club and
Gulf Restoration Network

# CERTIFICATE OF SERVICE

I, Natalie Spiegel, hereby certify under the penalty of perjury that on November 7, 2014, I filed the original of Petitioners' Opposition to American Petroleum Institute's Motion to Intervene via the Court's CM/ECF system, thereby causing an electronic copy to be served on all parties registered to receive notices in this case via electronic noticing. I further certify that I mailed a copy of the foregoing via U.S. Mail, first-class postage prepaid, to the following:

Mark Richard Haskell
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541

November 7, 2014                    /s/ Natalie Spiegel

                                    Natalie Spiegel
                                    Sierra Club
                                    85 Second St., 2d Fl.
                                    San Francisco, CA 94105