## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Sierra Club, *et al.*,                              )
                    Petitioners,          )
                                                    )
        v.                                          )        No. 14-1190
                                                    )
Federal Energy Regulatory Commission    )
                    Respondent.           )

## REPLY IN SUPPORT OF MOTION FOR SUMMARY AFFIRMANCE
## IN PART AND DISMISSAL IN REMAINING PART

None of the arguments Sierra Club and Gulf Restoration Network (collectively, "Sierra Club") raise in their Response to the Motion for Summary Affirmance in Part and Dismissal for Lack of Jurisdiction in Remaining Part ("Motion") undercuts the bases for the Motion.  The merits of the Federal Energy Regulatory Commission's ("FERC" or "Commission") rejection of Sierra Club's untimely rehearing petition remain so clear that it should be summarily affirmed.  And, since Sierra Club did not timely seek rehearing of the Commission's Order Granting Applications, *Cameron LNG, LLC*, 147 FERC ¶ 61,230 (2014) (Motion Attachment A), Sierra Club's challenges to that Order should be dismissed for lack of jurisdiction.  Intervenors Cameron LNG, LLC and Cameron Interstate Pipeline, LLC have authorized Commission counsel to state that they join in this Reply.

## ARGUMENT

## I.    Sierra Club Did Not Meet The Command Of The Statute

Sierra Club first argues that it "met the command of the statute" by filing its petition for rehearing before midnight on July 21, 2014.  Response at 3-6.  As Sierra Club recognizes, however, Natural Gas Act section 19(a), 15 U.S.C. § 717r(a), requires an aggrieved party to file a request for rehearing of a Commission order within 30 days after the Commission issues the order. Response at 5.  Under the statute, therefore, the deadline for Sierra Club's rehearing petition was Saturday, July 19th.

Because that deadline fell on a Saturday, the Commission regulations interpreting that statutory deadline (18 C.F.R. §§ 385.2007(a)(2) and 375.101(c)) provided Sierra Club extra time to file its rehearing petition, but only until the Commission's close of business (5:00 p.m.) on Monday, July 21st.  Notice Rejecting Rehearing n.4; Order Denying Rehearing PP 6, 10.  Thus, the command of the statute, as interpreted and extended by the Commission's regulations, required Sierra Club to file its rehearing petition by 5:00 p.m. on July 21, 2014. Sierra Club did not meet this requirement.

Sierra Club apparently wants to pick and choose which of the Commission's regulations it will follow.  While it is happy to be subject to the portion of the regulations extending the Natural Gas Act's statutory rehearing petition deadline

from Saturday to Monday, it does not want to be subject to the portion of those

regulations extending that deadline only until the Commission's close of business,

5:00 p.m.  As the Motion at 14 pointed out, however, "rules is rules," and if Sierra

Club -- a frequent litigant in FERC proceedings[1] -- wants the Commission to

change its longstanding filing deadline rules, it may file a petition for rulemaking

requesting that the Commission do so.

Sierra Club's attempt to equate the factual circumstances in *Dayton Power*

*& Light Co. v. FPC*, 251 F.2d 875 (D.C. Cir. 1957), with those here (Response at

4-5) fails.  The rule at issue in *Dayton Power* (Rule 1.15(b)) required parties to file

an original and 14 copies of a document.  *Dayton Power*, 251 F.2d at 876.  On July

27, 1956, Dayton Power mailed the original and 14 copies of its petition for

rehearing to the Federal Power Commission (which the agency received on August

2, 1956, after the 30-day deadline for rehearing petitions) and also mailed a single

copy of the petition to the agency's General Counsel (which he received on July

30, 1956, within the 30-day deadline).  *Id.* at 876-77.  The Court found that "the

failure to meet the directive of this procedural rule" was not jurisdictional.  *Id.  See*

*also Boston Gas Co. v. FERC*, 575 F.2d 975, 978-79 (1st Cir. 1978) (explaining

that, in *Dayton Power*, "the court found that the petitioner had complied with the

---

[1] Sierra Club is a petitioner for review of other FERC orders in two other appellate
proceedings recently initiated in D.C. Cir. Nos. 14-1249 and 14-1275.

3

time requirements of the statute and had failed to comply only with the non-jurisdictional regulations regarding the number of copies of applications which must be filed.").

Unlike the rule at issue in *Dayton Power*, which simply set out the number of copies to be filed with the Commission, the Commission rules at issue here interpret and implement the Natural Gas Act's 30-day jurisdictional deadline for petitions for rehearing.  *See Corning Glass Works v. FERC*, 675 F.2d 392, 396 n.12 (D.C. Cir. 1982) (finding petitioner's "rehearing petition met the [Natural Gas Act section 19(a)] 30-day limit, as the Commission defines that limit").[2]

Sierra Club's citation to *EPA v. EME Homer City Generation, L.P.*, 134 S. Ct. 1584, 1602-03 (2014), does not help it either.  While the Motion is based on Sierra Club's failure to timely file a petition for rehearing, *EME Homer City Generation* addressed whether objections to a rule were raised with reasonable specificity during a public comment period.  *EME Homer City*, 134 S. Ct. at 1602-03.[3]  Moreover, unlike here, the agency there had not argued to the Court of Appeals that failure to satisfy that statutory provision barred judicial review.  *Id.*

---

[2] Although the Motion at 10 cited *Corning Glass* for the proposition that the Commission's regulations interpret Natural Gas Act section 19(a)'s 30-day statutory deadline, Sierra Club's Response does not address that precedent.

[3] Likewise, *La. Pub. Serv. Comm'n v. FERC*, 482 F.3d 510, 517 (D.C. Cir. 2007), (Response at 9, 11), which addressed whether claims were raised with sufficient specificity, is inapposite.

## II.     The Commission's Regulations Provided Sufficient Notice

Next, Sierra Club claims that it did not have notice that the Commission's rules required its rehearing petition to be filed by 5:00 p.m.  Response at 8-12, 14-15, 17.  As explained in FERC's Motion at 10-12, however, the Commission's longstanding regulations made clear that Sierra Club's petition for rehearing of the Order Granting Applications needed to be filed by the Commission's close of business, i.e., 5:00 p.m., on Monday, July 21, 2014 (18 C.F.R. §§ 375.101(c) and 385.2007(a)(2)), and that a rehearing petition received after 5:00 p.m. would be considered filed the next day (18 C.F.R. § 385.2001(a)(2)).

Sierra Club does not dispute any of this.  Instead, it contends that, because the Commission's rules do not "specif[y] time in seconds, the most reasonable interpretations of the rules are that 5:00:25 is *not* after '5:00.'"  Response at 10.  Sierra Club has acknowledged, however, that its rehearing request was received *after* 5:00.  Att. F to Sierra Club's Response at p. 1 ("this request for rehearing was received at 5:00:25 p.m. Eastern Time, i.e., twenty-five seconds after five o'clock.").

Sierra Club also contends that "[a]nother possible interpretation, in light of the rules' silence as to seconds, would be to round to the nearest unit of time that *is* specified in the regulations, i.e., the nearest minute."  Response at 11.  Even assuming Sierra Club's proffered interpretations were reasonable, the

5

reasonableness of petitioner's interpretation is not enough. *Dominion Resources, Inc. v. FERC*, 286 F.3d 586, 590 (D.C. Cir. 2002). "Rather, [the Court] ask[s] if the Commission's interpretation was so obscure that the [regulations] did not provide sufficient notice to petitioner that it inflicted the now-challenged burden." *Id.* (internal quotation omitted). And that depends on whether a "reasonable [party] in [Sierra Club]'s position 'would have perceived a very substantial risk that [the regulations] meant' what the Commission now says [they] meant." *Id.* (quoting *ANR Pipeline Co. v. FERC*, 988 F.2d 1229, 1234 (D.C. Cir. 1993)).

As this Court explained in *ANR Pipeline*, an order is ambiguous for notice purposes "only if petitioners could reasonably have understood it to mean *only* what they thought it meant." 988 F.2d at 1234. "Thus, in *Sam Rayburn Dam Elec. Coop. v. FPC*, 515 F.2d 998[, 1007] (D.C. Cir. 1975), a much cited case on the problem [(cited Response at 2, 9, 11)], the court said that the petitioner 'had no apparent reason' to infer" that the Commission could have meant what it later said it meant.[4] *Id. See also Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2166-68 (2012) (cited Response at 8) (no *Auer* deference to agency's

---

[4] As this Court has explained, it determined in *Sam Rayburn* "that where a party was 'aggrieved' by a later interpretation of a rule that it could not have reasonably anticipated, the time limit starts to run at the later event." *Competitive Telecomms. Ass'n v. FCC*, 309 F.3d 8, 11-12 (D.C. Cir. 2002).

interpretation of its own ambiguous regulation where the industry "had little reason to suspect that its longstanding practice . . . transgressed the [Act].").

Here, the Commission's regulations provide that "the offices of the Commission are open each day, except Saturdays, Sundays, and Holidays, from 8:30 a.m. to 5:00 p.m." 18 C.F.R. § 375.101(c). This bookended time period "carrie[s] at least the natural interpretation" that the Commission's close of business, and therefore, the filing deadline, is at 5:00 p.m, not some time after 5:00 p.m. *See Transcontinental Gas Pipe Line Corp. v. FERC*, 54 F.3d 893, 897 (D.C. Cir. 1995). Sierra Club does not (and could not) claim that the Commission's regulations reasonably could *only* have been understood to mean that filings made 25 seconds after 5:00 p.m. would be considered timely. *See ANR Pipeline Co.*988 F.2d at 1234. To the extent Sierra Club relied on a possible interpretation of the Commission's rules that a rehearing petition would be timely if filed by 5:00:25, Sierra Club did so "at its own risk." *Transcontinental Gas Pipe Line*, 54 F.3d at 897-98.

*Associated Gas Distribs. v. FERC*, 738 F.2d 1388, 1392 n.5 (D.C. Cir. 1984), cited Response at 10-11, also involved different regulations and circumstances than those at issue here. In that "race to the courthouse" case, the issue before the Court was which of several petitions for review were timely filed. *Id.* at 1389-92. The Court explained that "[a]dministrative agencies have

7

considerable latitude in determining the event that triggers commencement of the

judicial review period," and that FERC's regulations (18 C.F.R. § 385.2007(b))

established that an order was "deemed issued" when the Secretary "[p]osts a full-

text copy in the Division of Public Information." *Id.* at 1391. Furthermore,

because the Commission's Secretary had set 3:00 p.m. as a scheduled posting time,

the Court determined that 3:00 p.m. would control the validity of the petitions for

review. *Id.* at 1391-92. "Applying the scheduled-posting-time rule to the petitions

for review filed," the Court concluded that the petitions filed at 3:00 p.m. and 3:01

p.m. "were filed on or after the 3:00 p.m. scheduled posting time and were

therefore valid." *Id.* at 1392.

In the footnote cited by Sierra Club, the Court added that, if it instead were

to consider the precise moment the FERC Order was posted, 3:01:32 p.m., it would

not be clear that the petition filed at 3:01 was premature. As the Court explained,

"the time stamp at [the Court's] Clerk's Office [did] not register seconds: the

stamp '3:01' actually means 'between 3:01 p.m. and 3:02 p.m.' Thus, there is no

way to tell whether [the] petition [stamped 3:01 p.m.] was filed just before or just

after FERC posted [its order]." *Id.* at 1392 n.5. Here, by contrast, it is undisputed

that the Commission's filing system registers seconds and that Sierra Club's

rehearing petition was filed at 5:00:25 p.m.

## III.    The Commission Reasonably Determined Waiver Was Not Appropriate Here

Sierra Club contends the Commission abused its discretion in denying waiver of the filing deadline by failing to consider that the deadline was missed by less than 30 seconds.  Response at 14.  To the contrary, the Commission considered, but found no merit to, Sierra Club's claim that waiving the deadline for this 25-seconds-late filing would not cause any harm.  Waiving the deadline here -- where Sierra Club asserted no error in the Commission's electronic filing system that prevented timely filing, had no excuse for waiting until minutes before the deadline to begin to make its filing, and did not allege any extraordinary circumstance or hardship that caused its delay -- would eliminate the certainty the Commission's regulations provide, and could prove problematic in practice. *Cameron LNG, LLC*, 148 FERC ¶ 61,237 PP 1, 13, 20, 24, 25 (2014) ("Order Denying Rehearing") (Motion Attachment C); *see also* Motion at 13 (discussing policy considerations and harm).

# CONCLUSION

Accordingly, the Court should:  (1) summarily affirm the Commission's dismissal of Sierra Club's untimely petition for rehearing; and (2) dismiss the remainder of the petition, which challenges the Commission's Order Granting Applications, for lack of jurisdiction because Sierra Club failed to file a timely petition for rehearing of that Order.

Respectfully submitted,

Robert H. Solomon
Solicitor


*/s/ Beth G. Pacella*
Beth G. Pacella
Deputy Solicitor

Federal Energy Regulatory
   Commission
Washington, DC  20426
TEL:  (202) 502-6048
FAX: (202) 273-0901
E-mail:  beth.pacella@ferc.gov

December 19, 2014

*Sierra Club, et al. v. FERC*                    **Docket Nos. CP13-25, CP13-27**
**D.C. Cir. No. 14-1190**

## CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P.25(d), and the Court's Administrative

Order Regarding Electronic Case Filing, I hereby certify that I have, this 19th day

of December 2014, served the foregoing upon the counsel listed in the Service

Preference Report via email through the Court's CM/ECF system or via U.S. Mail,

as indicated below:

| | |
|---|---|
| Lawrence G. Acker<br>Van Ness Feldman LLP<br>Suite 700<br>1050 Thomas Jefferson St., NW<br>Washington, DC  20007-3877 | EMAIL |
| Mark Richard Haskell<br>Morgan, Lewis & Bockius LLP<br>1111 Pennsylvania Ave., NW<br>Washington, DC  20004-2541 | US MAIL |
| Brett A. Snyder<br>Morgan, Lewis & Bockius LLP<br>1111 Pennsylvania Ave., NW<br>Washington, DC  20004-2541 | EMAIL |
| Allyson Newton Ho<br>Morgan Lewis & Bockius LLP<br>1717 Main St., Suite 3200<br>Dallas, TX  75201-7347 | EMAIL |

Nathan Matthews                                          EMAIL
Sierra Club
85 Second St., Second Floor
San Francisco, CA  94105-3441

Stacy Renee Linden                                       EMAIL
American Petroleum Institute
1220 L St. NW, Suite 900
Washington, DC  20005-4070

Catherine Emily Stetson                                  EMAIL
Hogan Lovells US LLP
555 13th St., NW
Washington, DC  20004-1009

                                        */s/ Beth G. Pacella*
                                        Beth G. Pacella
                                        Deputy Solicitor

Federal Energy Regulatory
  Commission
Washington, DC  20426
Tel:  (202) 502-6048
Fax:  (202) 273-0901
Email:  beth.pacella@ferc.gov